UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRAVIS FOSTER,

        Plaintiff,

    v.

AIRBNB, INC.,

        Defendant.

Case No. 25-cv-01365-DMR

**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**

    Self-represented Plaintiff Travis Foster filed a complaint and an application to proceed *in forma pauperis* ("IFP"). [Docket Nos. 1, 2.] Plaintiff brings his claim against Defendant Airbnb, Inc. Plaintiff alleges that he rented a property on Defendant's platform and Defendant agreed to refund Plaintiff $2,633.66. However, Defendant failed to refund Plaintiff. Plaintiff lists his address as Detroit, Michigan, and Defendant's address as San Francisco, California. Although he states that his case belongs in federal court under federal question jurisdiction, he does not specify a particular federal law or statute he is suing under, and he requests that the case be assigned to the "Small Claims" division of the court.

    It appears that Plaintiff's case belongs in California state court, not federal court. Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392

1  (1987)).  A district court has diversity jurisdiction where the parties are diverse and "the matter in
2  controversy exceeds the sum or value of $75,000, exclusive of interests and costs."  28 U.S.C.
3  § 1332.

4  Plaintiff's complaint sounds in contract law, which is state law.  Plaintiff does not plead a
5  federal question.  And although there may be complete diversity, the matter in controversy is less
6  than $75,000.  Plaintiff does not plead diversity jurisdiction.  Indeed, Plaintiff seems to have
7  requested to be heard by a "Small Claims" division; small claims court is part of the state court
8  system, not federal court.

9  In light of the foregoing, the court orders Plaintiff to respond by **June 2, 2025** and explain
10 in writing why this action may be brought in federal court.  If Plaintiff does not respond by that
11 date or his response fails to establish a basis for federal subject matter jurisdiction, the court will
12 prepare a report and recommendation recommending that a district judge dismiss this case
13 without prejudice to Plaintiff bringing his complaint in state court.  The Case Management
14 Conference set for June 4, 2025 is VACATED and will be re-set by the court if appropriate.

16 **IT IS SO ORDERED.**

17 Dated: May 12, 2025

_____
DONNA M. RYU
Chief Magistrate Judge

2